**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**JULY SESSION, 1997**

FILED

October 30, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **JIMMY WAYNE WILSON,** | ) | **C.C.A. NO. 03C01-9611-CR-00409** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **SULLIVAN COUNTY** |
| **VS.** | ) | |
| | ) | **HON. ARDEN L. HILL** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF SULLIVAN COUNTY**

FOR THE APPELLANT:

JIMMY WAYNE WILSON
Pro Se
#108253 MCRCF POB 2000
Wartburg, TN 37887

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL J. FAHEY, II
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

GREELEY WELLS
District Attorney General
Sullivan County Justice Center
Blountville, TN 37617

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Petitioner, Jimmy Wayne Wilson, appeals from the trial court's denial of his motion to reopen a prior petition for post-conviction relief. On July 22, 1985, he was convicted by a Sullivan County jury of rape and found to be an habitual offender. He subsequently filed two petitions for post-conviction relief, the first in 1987 and the second in 1990, both of which were denied. The Petitioner filed a pro se motion to reopen his first petition for post-conviction relief on May 8, 1996. In his motion, he alleged that our supreme court's holding in State v. Kendricks, 891 S.W.2d 597 (Tenn. 1994), established a constitutional right not recognized at the time of his trial but requiring retrospective application to his case, that DNA testing would prove that he was actually innocent of the rape, and that his habitual offender sentence was based in part on a conviction which had been invalidated.[1] On May 21, 1996, the trial court dismissed the motion to reopen without appointing counsel or conducting an evidentiary hearing, finding that it did not present a colorable claim for relief.[2] The Petitioner filed a notice of appeal with the trial court clerk on May 30, 1996. We conclude that, because the Petitioner did not follow the appropriate statutory procedure for perfecting his appeal to this Court, his appeal must be dismissed.

We begin by recounting the history of the present case. As we stated above, the Petitioner was convicted by a Sullivan County jury of rape and found

---

[1] See Tenn. Code Ann. § 40-30-217(a)(1) - (3) (Supp. 1996).

[2] See Tenn. Code Ann. § 40-30-217(a), (b) (Supp. 1996). The Petitioner's motion to reopen was assigned case number S37,141. The case number of the challenged conviction from 1985 was apparently 18,745. It appears that the trial judge inadvertently referred to the motion to reopen as case number 18,745 in his May 20, 1996, order of dismissal. The trial judge later corrected this mistake by entering an order of dismissal referring to the proper case number.

to be an habitual offender on July 22, 1985. He was sentenced to life imprisonment. His conviction and sentence were affirmed upon direct appeal to this Court. State v. Jimmy Wayne "Jimbo" Wilson, C.C.A. No. 717, Sullivan County (Tenn. Crim. App., Knoxville, Nov. 14, 1986), perm. to appeal denied (Tenn. 1987).

He filed his first pro se petition for post-conviction relief on May 21, 1987. In furtherance of this petition, he filed various pro se motions, multiple pro se amendments to the petition and one amendment with the assistance of counsel, resulting in approximately twenty-nine issues raised in the first petition for post-conviction relief. Jimmy Wayne Wilson v. State, C.C.A. No. 909, Sullivan County (Tenn. Crim. App., Knoxville, May 29, 1991), perm. to appeal denied (Tenn. 1991). After conducting an evidentiary hearing, the trial court denied the petition. Id., slip op. at 2. On appeal, this Court affirmed the judgment of the trial court in all respects except on the issue of ineffective assistance of appellate counsel. Id. at 13. On that issue, this Court remanded for further proceedings. Id. An evidentiary hearing was eventually conducted in that regard, and the trial court found the issue to lack merit and denied the petition. That judgment was affirmed on appeal to this Court. Jimmy Wayne Wilson v. State, C.C.A. No. 03C01-9203-CR-104, Sullivan County (Tenn. Crim. App., Knoxville, Dec. 1, 1992).

In the meantime, the Petitioner filed a second pro se petition for post-conviction relief on May 31, 1990. In that petition, he argued that the 1989 Criminal Sentencing Reform Act had repealed the habitual criminal enhancement statute, Tennessee Code Annotated section 39-1-801, resulting in his being incarcerated in violation of his constitutional rights to equal protection, to due

process, and against cruel and unusual punishment. <u>Jimmy Wayne Wilson v. State</u>, C.C.A. No. 970, Sullivan County (Tenn. Crim. App., Knoxville, Jun. 12, 1991), <u>perm. to appeal denied</u> (Tenn. 1991). The trial court denied the petition, finding that it was barred by the three-year statute of limitations. The judgment of the trial court was affirmed on appeal to this Court. <u>Id.</u>, slip op. at 3.

The Petitioner later filed a petition for a writ of habeas corpus, which was denied by the trial court on February 20, 1996. <u>Jimmy Wayne Wilson v. State</u>, C.C.A. No. 03C01-9604-CC-00142, Sullivan County (Tenn. Crim. App., Knoxville, Aug. 12, 1997). In that petition, he argued that he was being "unlawfully restrained of his liberty" because the statute under which he was sentenced as an habitual criminal was rendered unconstitutional by our supreme court's holding in <u>Gaskin v. Collins</u>, 661 S.W.2d 865 (Tenn. 1983). <u>Id.</u>, slip op. at 2-3. The trial court's denial of the petition was affirmed on appeal to this Court. <u>Id.</u> at 7.

On May 8, 1996, the Petitioner filed the <u>pro se</u> motion to reopen his first petition for post-conviction relief which is the subject of the case <u>sub judice</u>. In his motion, the Petitioner raised three grounds:

> 1) That our supreme court's holding in <u>State v. Kendricks</u>, 891 S.W.2d 597 (Tenn. 1994), established a constitutional right not recognized at the time of his trial but requiring retrospective application to his case;
>
> 2) that DNA testing would prove that he was actually innocent of the rape; and
>
> 3) that his habitual offender sentence was based in part on a conviction which has been invalidated.

See Tenn. Code Ann. § 40-30-217(a)(1) - (3) (Supp. 1996). Through an order filed on May 21, 1996, the trial court denied the motion without appointing counsel and without conducting an evidentiary hearing, finding that it did not present a colorable claim for relief. See Tenn. Code Ann. § 40-30-217(a), (b) (Supp. 1996). The Petitioner filed a notice of appeal on May 30, 1996.

After carefully examining the record and the procedural posture of the case, we conclude that this appeal must be dismissed. Tennessee Code Annotated section 40-30-217 explains "motions to reopen" as created by the Post-Conviction Procedure Act of 1995. Tennessee Code Annotated section 40-30-217(c) sets forth the proper procedure for appealing the denial of a motion to reopen a prior petition for post-conviction relief to this Court. It provides as follows:

> (c) If the motion is denied, the petitioner shall have ten (10) days to file <u>an application in the court of criminal appeals seeking permission to appeal</u>. The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion. The state shall have ten (10) days to respond.

Tenn. Code Ann. § 40-30-217(c) (Supp. 1996) (emphasis added). This provision obviously does not provide for an appeal as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure from the denial of a motion to reopen. An appeal as of right "does not require permission of the trial or appellate court as a prerequisite to taking an appeal." Tenn. R. App. P. 3(d). By the explicit provision of Tennessee Code Annotated section 40-30-217(c), however, an appeal to this Court from a denial of a motion to reopen requires that the petitioner seek permission to appeal. Thus, as another panel of this Court recently stated, the procedure provided by Tennessee Code Annotated section

40-30-217(c) parallels Rule 10 of the Tennessee Rules of Appellate Procedure. See George L. McGhee v. State, C.C.A. No. 02C01-9607-CR-00213, Shelby County (Tenn. Crim. App., Jackson, Sept. 30, 1996), perm. to appeal denied (Tenn. 1997). In fact, the McGhee court, noting the parallels with Rule 10 of the Tennessee Rules of Appellate Procedure, recommended that petitioners use subsection (c) of Rule 10 as a guide when drafting an application for permission to appeal pursuant to Tennessee Code Annotated section 40-30-217(c). Id., slip op. at 3. The McGhee court pointed out, however, that because an appeal pursuant to Tennessee Code Annotated section 40-30-217(c) is not specifically a Rule 10 appeal, the technical requirements of Rule 10(c) may not be invoked to deny an application. Id.

In the case at bar, the Petitioner filed a notice of appeal with the clerk of the trial court as if he were appealing pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. See Tenn. R. App. P. 3(e). The notice of appeal stated simply that the Petitioner "hereby appeals to the Court of Criminal Appeals from the final judgment entered in the above number [sic] action on May 20, 1996, by Judge Arden L. Hill." The Petitioner did not file an application with this Court seeking permission to appeal and did not include copies of all the documents filed by both parties in the trial court and the order denying the motion. In short, the Petitioner did not comply with the plain requirements of Tennessee Code Annotated section 40-30-217(c), but apparently attempted to pursue an appeal from the denial of his motion to reopen by way of Rule 3 of the Tennessee Rules of Appellate Procedure. Because the Petitioner did not comply with the requirements of Tennessee Code Annotated section 40-30-217(c) in pursuing an

appeal from the denial of his motion to reopen, we conclude that this appeal is not properly before this Court. Accordingly, we must dismiss the appeal.

Even if we were to deem this appeal as properly before this Court and consider its merits, we believe that the trial judge did not err or abuse his discretion in denying the motion to reopen. Relief under Tennessee Code Annotated section 40-30-217(a) may be granted only where (1) the claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required and the motion is filed within one year of the ruling; or (2) the claim in the motion is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or (3) the claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence and the motion is filed within one year of the finality of the ruling holding the previous conviction to be invalid; and (4) it appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced. Tenn. Code Ann. § 40-30-217(a)(1) - (4). Furthermore, in reviewing the denial of a motion to reopen, this Court shall not grant the application unless it appears that the trial court abused its discretion in denying the motion. Tenn. Code Ann. § 40-30-217(c) (Supp. 1996).

The Petitioner's first claim in his motion to reopen is that our supreme court's holding in State v. Kendricks, 891 S.W.2d 597 (Tenn. 1994), established

a constitutional right not recognized at the time of his trial but requiring retrospective application to his case. See Tenn. Code Ann. § 40-30-217(a)(1) (Supp. 1996). He asserts that "fresh complaint" evidence was admitted at his 1985 rape trial in violation of the subsequent holding in Kendricks, thereby depriving him of his right to a fair trial. He contends that the Kendricks holding must be applied retroactively to his case.

In Kendricks, our supreme court modified the principles governing the use of "fresh complaint" evidence in cases where an adult is the victim of a sexual crime. Kendricks, 891 S.W.2d at 603. Prior to Kendricks, Tennessee law allowed "both the fact and the details of the complaint to be admitted during the state's case-in-chief." Id. at 602 (citing Phillips v. State, 28 Tenn. (1 Hum.) 246 (1848)) (emphasis in original). The Kendricks court overruled Phillips and its progeny "to the extent that they permit testimony of the details of the incident to be presented before the victim's credibility is attacked" in cases involving an adult victim of a sexual crime. Id. at 603 (emphasis in original). The holding in Kendricks did not affect the admissibility of the fact of the complaint, even during the state's case-in-chief. Id.

In the present case, it is unclear whether "fresh complaint" evidence was admitted during the Petitioner's 1985 rape trial in violation of the principles later announced in Kendricks. The record on appeal does not contain transcripts of the trial testimony. According to the Petitioner's motion to reopen, Officer Joan Leonard testified at trial regarding both the fact of and the details of the victim's complaint to her shortly after the rape. The motion to reopen does not indicate whether Officer Leonard's testimony occurred during the State's case-in-chief or

-8-

during rebuttal, or whether the testimony occurred before or after the victim testified at trial. Thus, from the record before us, we cannot conclude that "fresh complaint" evidence was admitted in violation of the subsequently-announced principles of Kendricks.

In any event, regardless of whether "fresh complaint" evidence was admitted against the Petitioner in violation of Kendricks, we do not believe that Kendricks established a constitutional right that was not recognized as existing at the time of the Petitioner's trial. See Tenn. Code Ann. § 40-30-217(a)(1) (Supp. 1996). Rather, Kendricks modified an evidentiary principle governing the admissibility of "fresh complaint" evidence in certain cases. Moreover, Kendricks specifically states that it applies "to all cases tried after the release of this opinion and to those wherein a motion for new trial was granted on or after the date of the release of this opinion." Kendricks, 891 S.W.2d at 606 (emphasis added). Tennessee Code Annotated section 40-30-217(a)(1), however, provides relief only if retrospective application of a constitutional right is required. Furthermore, Tennessee Code Annotated section 40-30-217(a)(1) requires that the motion to reopen be filed within one year of the ruling establishing the constitutional right. The Petitioner, however, filed his motion to reopen on May 8, 1996, more than one year after Kendricks was released on December 5, 1994. Accordingly, we conclude that the Petitioner's claim concerning Kendricks and the admission of "fresh complaint" evidence at his 1985 rape trial does not meet the substantive or procedural requirements for reopening his prior petition for post-conviction relief under Tennessee Code Annotated section 40-30-217(a)(1).

The Petitioner's second claim in his motion to reopen is that new scientific evidence, namely DNA testing, would prove that he is actually innocent of the rape. See Tenn. Code Ann. § 40-30-217(a)(2) (Supp. 1996). The petition does not allege that he already has new scientific evidence establishing his innocence. Rather, it merely asserts that DNA testing "would prove" that he did not commit the rape.

The Petitioner's argument ignores the nature of the evidence introduced at the 1985 rape trial. After the victim reported the crime, doctors collected hair samples and made swabbings of her vagina. The samples, along with some grass or leaves found on the buttocks of the victim, were examined by an FBI serologist. The serologist testified at trial that he found no blood or seminal stains on the clothes of the victim and that there was no semen on the vaginal smear, genital swab or the debris. In addition, another FBI agent testified that the hair samples all belonged to the victim. In fact, these experts were called to testify at trial by the Petitioner. See State v. Jimmy Wayne "Jimbo" Wilson, C.C.A. No. 717, Sullivan County (Tenn. Crim. App., Knoxville, Nov. 14, 1986), perm. to appeal denied (Tenn. 1987).

Thus, it appears that law enforcement personnel discovered no blood, semen or hair linking the Petitioner or anyone else to the crime. In short, the prosecution offered no testimony regarding scientific evidence of this type. Instead, the principal evidence linking the Petitioner to the crime was the testimony of the victim. As a result, we fail to see how DNA testing could possibly establish the Petitioner's innocence given that no scientific evidence of that type was presented at trial or even discovered during the investigation of the crime.

There simply does not appear to be a blood, semen or hair sample from the victim's attacker with which to compare a sample of the Petitioner's DNA. Given these circumstances, we conclude that the Petitioner's claim that DNA testing would establish his innocence does not meet the requirements for reopening his prior petition for post-conviction relief under Tennessee Code Annotated section 40-30-217(a)(2).

The Petitioner's third claim in his motion to reopen is that his habitual offender status was based in part on a conviction which has been invalidated. He asserts that one of the convictions used to support his habitual criminal status, a 1971 conviction for concealing stolen property, was vacated as a result of the hearing on his first petition for post-conviction relief. Thus, the Petitioner contends that his sentence as an habitual offender cannot stand.

The Petitioner raised this very issue in his first petition for post-conviction relief. See Jimmy Wayne Wilson v. State, C.C.A. No. 909, Sullivan County (Tenn. Crim. App., Knoxville, May 29, 1991), perm. to appeal denied (Tenn. 1991). The trial court found that the issue lacked merit, and this Court affirmed the trial court with regard to that issue. Id., slip op. at 5-7. Accordingly, we conclude that this issue has been previously determined to be without merit. See Tenn. Code Ann. § 40-30-206(h) (Supp. 1996).

For the reasons set forth in the discussion above, we believe that the trial judge did not abuse his discretion in dismissing the motion to reopen and, thus, the judgment of the trial court is affirmed. See Tenn. Code Ann. § 40-30-217(c) (Supp. 1996). Because the Petitioner failed to follow the statutory procedure for

appealing to this Court from the denial of his motion to reopen, we conclude that this appeal must be dismissed.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
THOMAS T. WOODALL, JUDGE

_____
JOHN K. BYERS, SENIOR JUDGE